## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. | **CHRIS HOLLAND, an individual,** | ) |
| | | ) **Case No.:  15-CV-38-TCK-TLW** |
| | *Plaintiff,* | ) |
| v. | | ) **ATTORNEY LIEN** |
| | | ) **CLAIMED FOR THE FIRM** |
| 1. | **RWD OF TULSA, INC., d/b/a** | ) |
| | **MAACO PAINT & BODY** | ) |
| | a foreign for profit corporation, | ) **JURY TRIAL DEMANDED** |
| | | ) |
| | *Defendant.* | ) |

## COMPLAINT

**COMES NOW** Plaintiff, Chris Holland, ("Plaintiff"), by and through his attorney of record,

Charles C. Vaught of *Armstrong & Vaught, P.L.C.*, and hereby submits the following Complaint

against Defendant, RWD of Tulsa, Inc. d/b/a MAACO Paint & Body ("Defendant"), and alleges and

states as follows: This action seeks declaratory relief, actual, compensatory and punitive damage,

costs and attorney fees, for violations of the American with Americans with Disabilities Act of 1990

("ADA"), 42 U.S.C. §§ 12104, *et. seq.*, and Oklahoma law committed by Defendant.

## JURISDICTION

1.  Jurisdiction over the parties and the subject matter of this case lies properly within the

    Northern District of Oklahoma pursuant to 28 U.SC. § 1391(b) because the actions giving

    rise to this claim occurred in this judicial district.

2.  This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

    §§ 12104, *et. seq.* and the Oklahoma Protection of Labor Act ("OPLA"), 40 Okla. Stat. Ann.

    §§ 165.1, *et. seq.*

1

3.   Declaratory, equitable, compensatory and punitive relief is sought pursuant to 42 U.S.C. §
     12117.

4.   Costs and attorney fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil
     Procedure and the aforementioned statutes.

5.   At all times relevant to this cause of action, Plaintiff resided within the State of Oklahoma.

6.   At all times relevant to this cause of action, Defendant was a foreign limited liability
     corporation conducting business within the Northern District of Oklahoma.

7.   Pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b), this Court has jurisdiction over the
     parties and the subject matter of this action because it arises under the Constitution and law
     of the United States.

8.   At all times relevant to this cause of action, Defendant was an "employer" as defined by the
     ADA in that Defendant employed in excess of fifteen (15) employees, during each of the
     twenty (20) or more calendar workweeks in the current preceding calendar year.

9.   In conformance with Title VII statutory prerequisite, Plaintiff filed two Charges of
     Discrimination with the EEOC against Defendant and was issued two Right to Sue letters
     on October 23, 2014 (attached as Exhibit "1" and "2" and hereby incorporated by reference
     as though fully set forth herein), which were received on October 27, 2014.

10.  Plaintiff has exhausted his administrative remedies pertaining to the ADA claims.

11.     This Complaint was timely filed within ninety (90) days of receipt of this aforementioned Right to Sue letter.

## OPERATIVE FACTS

12.     On or about August 16, 2012, Plaintiff was hired by Defendant as a Body Technician.

13.     On or about June 28, 2012, Plaintiff was diagnosed with T-Cell Lymphoproliferative Disorder. Plaintiff then informed Defendant's owner, Kem Dawson, of his disability work release, and that he required assistance to perform the duties of his employment.

14.     On or about June 30, 2012, Dawson agreed to permit Plaintiff to alter Plaintiff's schedule in order to allow him to avoid climate conditions which would negatively affect his health and permitted him leave as needed to attend doctors' appointments.

15.     Dawson also agreed to provide Plaintiff with an assistant to aid in performing the physical duties of the employment.

16.     On or about August 16, 2012, Plaintiff's supervisor, Jason Knuckles, approached Plaintiff and informed him that he had been terminated because of "his cancer."

17.     On or about November 20, 2013, Plaintiff was re-hired by Defendant as a Body Technician.

18.     On or about February 5, 2014, Dawson approached Plaintiff and informed him that he was no longer permitted to have an assistant or to work past 9:00 PM.

19.     On or about February 10, 2014, unable to complete the functions of his employment without accommodations, Plaintiff resigned from his position.

3

20.     Over the course of his employment, Plaintiff completed several projects for which he has not received compensation.

21.     On or about March 7, 2013, Plaintiff filed charge number 564-2013-00403 with the EEOC. A determination was issued on the case on June 4, 2014.

22.     On or about April 11, 2014, Plaintiff filed charge number 564-2013-00662 with the EEOC. A determination was issued on the case on August 8, 2014.

23.     On or about October 27, 2014, Plaintiff received his Right to Sue letters regarding charge numbers 564-2013-00403 and 564-2010-00662.

## COUNT I
### FAILURE TO REASONABLY ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

24.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully alleged herein and further states:

25.     Plaintiff is a disabled person as defined by the ADA in that he suffers from a disabling medical condition. Alternatively, Plaintiff was perceived as a disabled individual by Defendant or had a record of such impairment.

26.     Plaintiff is qualified, with or without reasonable accommodation, to perform the essential functions of the position he held during employment with Defendant.

27.     During his employment, Plaintiff engaged in the informal, interactive processes in order to seek the reasonable accommodation of unpaid leave time during his hospitalization.

4

28.    Defendant failed to provide the requested reasonable accommodations. Instead, Defendant

simply terminated Plaintiff and did not engage in the interactive process with Plaintiff

regarding his request or otherwise notify Plaintiff that his request created an undue hardship.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint and

that this Court declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights,

enjoin the Defendant from engaging in such conduct, enter a judgment for Plaintiff in an amount in

excess of $100,000.00 plus interest, costs, attorney fees and punitive damages, order the Plaintiff

reinstated in his former position or receive front pay in lieu thereof, and grant such other relief as the

court deems just and proper.

## COUNT II
### DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

29.    Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully

alleged herein and further states:

30.    Plaintiff is a disabled person as defined by the ADA in that he suffers from a disabling

medical condition. Alternatively, Plaintiff was perceived as a disabled individual by

Defendant and had a record of such impairment. Plaintiff is qualified, with or without

reasonable accommodation, to perform the essential functions of the position he held during

his employment with Defendant.

31.    Plaintiff was subjected to disparate treatment in the form of his termination as a result of his

disability.

32.    By and through, but not limited to the events described herein, Plaintiff's terms and

conditions of employment were adversely affected by Defendant' perception of Plaintiff's disability.

33.   By and through, but not limited to the events described herein, Defendant have violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et. seq.*

34.   As a direct and proximate result of Defendant' actions, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

35.   Defendant' actions were willful and recklessly indifferent towards Plaintiff's rights, thus warranting an award of punitive damages.

36.   Plaintiff has been injured by this discrimination, and is entitled to compensatory and punitive damages and any other damages allowed under the ADA, including attorney fees and litigation expenses.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint and that this Court declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights, enjoin the Defendant from engaging in such conduct, enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees and punitive damages, order the Plaintiff reinstated in his former position or receive front pay in lieu thereof, and grant such other relief as this Honorable court deems just and proper.

## COUNT III
### RECOVERY OF UNPAID WAGES UNDER 40 OKLA. STAT. ANN. §§ 165.1, *ET. SEQ.*

37. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully alleged herein and further states:

38. At all times relevant to this cause of action, 40 Okla. Stat. Ann. §§ 165.1, *et. seq.* required an employer to compensate an employee for all wages due, other than to "exempt employees."

39. At all times relevant to this cause of action, 40 Okla. Stat. Ann. §§ 165.1, *et. seq.* defined an "exempt employee" as "those management level employee exempt under the provisions of Section 213 of the FLSA [Fair Labor Standards Act], 29 U.S.C. § 213, from the provision of Section 206 and 207 of said Act."

40. Defendant failed to compensate Plaintiff for all wages due upon his termination.

41. The aforementioned refusal was a willful, direct and intentional violation of 40 Okla. Stat. Ann. §§ 165.1, *et. seq.*

42. As a direct and proximate result of Defendant's willful violation of 40 Okla. Stat. Ann. §§ 165.1, *et. seq.*, Plaintiff has suffered, and continues to suffer, loss of income in an amount of $1,800.00.

43. Pursuant to 40 Okla. Stat. Ann. §§ 165.9, Plaintiff is entitled to liquidated damages for

44. Defendant's failure to pay wages, costs and fees of any nature; and reasonable attorney fees for bringing this action.

7

**WHEREFORE**, premises considered, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights, enjoin Defendant from engaging in such conduct, enter a judgment for Plaintiff in an amount in excess of $1,800.00, plus interest, costs and attorney fees, award Plaintiff liquidated damages, reasonable attorney fees and costs for bringing this action, and grant Plaintiff such other and further relief as this Court may deem just, equitable and proper.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

Charles C. Vaught, OBA #19962
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 *Telephone*
(918) 583-1755 *Facsimile*
**Attorneys for Plaintiff**

8